**AEVOE CORP., a California corporation, Plaintiff,**

v.

**AE TECH CO., LTD., a Taiwan corporation; S & F Corporation dba SF Planet Corporation, a Minnesota corporation, and Greatshield Inc., a Minnesota corporation, Defendants.**

**Case No. 2:12–cv–00053–GMN–NJK.**

United States District Court, D. Nevada.

Signed March 31, 2014.

Jeffrey A. Silvestri, Josephine Binetti McPeak, McDonald Carano Wilson, Las Vegas, NV, David S. Bloch, Jennifer A. Golinveaux, Kevin Joon Oh, Winston & Strawn LLP, San Francisco, CA, for Plaintiff.

Samuel Braver, Steven D. Czajkowski, Lynn J. Alstadt, Buchanan Ingersoll & Rooney PC, Pittsburgh, PA, Steve L. Morris, J.P. Hendricks, Morris Law Group, Las Vegas, NV, for Defendants.

## ORDER

GLORIA M. NAVARRO, Chief Judge.

Pending before the Court is the Motion to Dismiss for Lack of Standing (ECF No. 344) filed by Defendants AE Tech Co., Ltd., S & F Corporation, and GreatShield, Inc. (collectively, "Defendants"). Plaintiff Aevoe Corp. filed a Response (ECF No. 365) and Defendants filed a Reply (ECF No. 375).

## I. BACKGROUND

This case arises from Defendants' alleged infringement of United States Patent No. 8,044,942 ("the '942 Patent"), which relates to touch screen protection products. (Am. Compl. ¶¶ 35–44, ECF No. 44.) *See generally* United States Patent No. 8,044,942 (filed June 14, 2011) (issued Oct. 25, 2011).

The face of the '942 Patent indicates that the individual inventors assigned their interests in the '942 Patent to "Aevoe, Inc.," located in Sunnyvale, CA, rather than Plaintiff Aevoe Corp. '942 Patent, at [73]. According to the United States Patent and Trademark Office's ("USPTO")

Patent Assignment Abstract of Title for the '942 Patent, the inventors assigned their interest to Aevoe Inc. on July 6, 2011. *See* Patent Assignment Abstract of Title, http://assignments.uspto.gov/assignments/q?db=pat&pat=8044942 (last visited March 24, 2014). Later, on December 5, 2011, the USPTO recorded a document entitled "Corrective Assignment to Correct the Name of the Assignee from Aevoe Inc. to Aevoe Corp. ...," which purports to correct the error in the original assignment that conveyed the inventors' interests to Aevoe *Inc.* rather than Plaintiff Aevoe *Corp. See id.* Approximately one month later, on January 11, 2012, Plaintiff Aevoe Corp., "a California corporation with its principal place of business in Sunnyvale, California," initiated this litigation. (Compl. ¶ 6, ECF No. 1.)

As a result of the error in the original assignment that appears on the face of the '942 Patent, Defendants filed the instant Motion to Dismiss. (*See* ECF No. 344.) In their Motion, Defendants assert that Plaintiff Aevoe Corp. did not have record title to the '942 Patent and, therefore, Plaintiff lacks standing to assert infringement of the '942 Patent. For the reasons discussed below, the Court disagrees. Accordingly, Defendants' Motion is DENIED.

## II.   *LEGAL STANDARD*

■   Article III of the United States Constitution limits the power of the judiciary to hear only "cases" and "controversies." U.S. Const. art. III, § 2; *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559–60, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Standing is a core component of the Article III case or controversy requirement and focuses on whether the action was *initiated by* the proper plaintiff. *See Davis v. Fed. Election Comm'n,* 554 U.S. 724, 732–33, 128 S.Ct. 2759, 171

L.Ed.2d 737 (2008) (quoting *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) ("[T]he party invoking federal jurisdiction [must] have standing—the 'personal interest that must exist at the commencement of the litigation.' ")); *see also Arakaki v. Lingle,* 477 F.3d 1048, 1059 (9th Cir.2007) ("Standing ensures that, no matter the academic merits of the claim, the suit has been brought by a proper party.").

■   "Because standing ... pertain[s] to a federal court's subject-matter jurisdiction under Article III, ... [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir.2000). Plaintiff, as the party invoking federal jurisdiction, must bear the burden of establishing the elements of standing. *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130. Specifically, Plaintiff must begin by demonstrating the three elements of the "irreducible constitutional minimum of standing." *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130.

First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 560–61, 112 S.Ct. 2130 (internal quotation marks and citations omitted).

■   When a claim of relief is created by statute, as is patent infringement, "the

standing question in such cases is whether the ... statutory provision on which the claim rests can be understood as granting persons in the plaintiff's position a right to judicial relief." *Warth v. Seldin,* 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). "Standing to sue for infringement stems from the Patent Act, which provides: '[a] patentee shall have remedy by civil action for infringement of his patent.'" *Isr. Bio–Eng'g Project v. Amgen, Inc.,* 475 F.3d 1256, 1264 (Fed.Cir.2007) (quoting 35 U.S.C. § 281). The Patent Act defines "patentee" to include "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). Thus, under the Patent Act, a Plaintiff has standing to sue for infringement when it can show that it is either "the patentee to whom the patent was issued" or a "successor in title to the patentee." 35 U.S.C. § 100(d).

## III. DISCUSSION

■ Here, Defendants assert that Plaintiff lacks standing to assert infringement of the '942 Patent because Defendants believe that Plaintiff was not the true assignee of the '942 Patent at the initiation of this litigation. Specifically, Defendants assert that "[e]vidence obtained through discovery establishes that the sole plaintiff, Aevoe, Corporation ... does not own [the '942 Patent and did not own that patent at the time this lawsuit was filed. Rather, the patent was and is owned by a separate company, Aevoe, Incorporated ("Aevoe Inc."), the parent of Aevoe Corp. and to whom the named inventors assigned their rights." (Mot. to Dismiss 1:24–2:2, ECF No. 344.) True enough, the original assignment from the inventors did list as the assignee an entity called "Aevoe Inc.," and listed this entity's place of business as Sunnyvale, California. (Mot. to Dismiss Ex. 9, ECF No. 344–10.) However, once the prosecuting attorney realized that the

proper assignee was "Aevoe Corp.," rather than "Aevoe Inc.," he filed a document with the USPTO described as a "Corrective Assignment to Correct the Name of the Assignee From Aevoe Inc. to Aevoe Corp. ..." ("Corrective Assignment"). (*See* Mot. to Dismiss Exs. 21, 22, ECF Nos. 344–22, 344–23.) According to the Patent Assignment Abstract of Title, the USPTO subsequently recorded that document on December 5, 2011. *See* Patent Assignment Abstract of Title, http://assignments.uspto.gov/assignments/q?db=pat&pat=8044942 (last visited March 24, 2014).

The Federal Circuit has held that although "[t]he recording of an assignment with the PTO is not *a determination* as to the validity of the assignment[,] ... it [does] create[] a presumption of validity as to the assignment and places the burden to rebut such a showing on one challenging the assignment." *SiRF Tech., Inc. v. Int'l Trade Comm'n,* 601 F.3d 1319, 1327–28 (Fed.Cir.2010) (emphasis added) (citations omitted). Under *SiRF Technology,* the USPTO's acknowledgement of and recordation of the Corrective Assignment creates a presumption that the inventors assigned their rights to Plaintiff, Aevoe Corp. by December 5, 2011, more than one month prior to the commencement of this action. Therefore, the burden falls on Defendants to rebut the validity of the Corrective Assignment.

Defendants attempt to carry this burden by pointing to a string of documents, all of which predate the Corrective Assignment, that name Aevoe, Inc. as the identity of the assignee of the '942 Patent, rather than Plaintiff Aevoe Corp. (*See* Mot. to Dismiss Exs. 2, 4, 7–20.) However, these documents are insufficient to persuade the Court that Defendants have rebutted the presumption of title. Rather, they serve only to highlight that the initial assign-

ment to Aevoe zas a typographical error.[1] Defendants' evidence is further undermined by the fact that these pre-December 2011 documents list Sunnyvale, California as the place of business for "Aevoe, Inc." Yet, there is no record of an "Aevoe, Inc." operating in the state of California, only Plaintiff Aevoe Corp. (*See* Appendix Ex. 1, ECF No. 367–1.) Moreover, the listed address in Sunnyvale, California is actually the registered address for *Plaintiff Aevoe Corp.* Thus, the listing of Sunnyvale, California as the assignee's address further indicates that the original assignment to "Aevoe, Inc." was nothing more than a typographical error, which was corrected by the December 5, 2011 Corrective Assignment.

Defendants also attempt to carry their burden by attacking the method by which the assignment was corrected. Section 323 of the Manual of Patent Examining Procedure ("MPEP") governs the procedure for correcting errors in recorded assignment documents. Specifically, section 323 instructs that, to correct an error in the assignment document, the assignor must provide a "corrective document," which includes "[a] copy of the original assignment document with the corrections made therein" and requires that "corrections must be initialed and dated by the party conveying the interest." MPEP § 323. The Corrective Assignment complied with these requirements. (Mot. to Dismiss Ex. 22.)

Additionally, Defendants are mistaken in their assertion that the MPEP further re-

quired Plaintiff to comply with section 323.01(c) of the MPEP to correct the assignment. This section governs when a *third-party* has improperly recorded an assignment. MPEP § 323.01(c) ("When the owner of an application … discovers that due to a typographical error, *another party* has improperly recorded an assignment or name change …" (emphasis added)). In contrast, this case involves a situation where the owner of an application discovered *its own* typographical error. Accordingly, the procedures in section 323.01(c) appear irrelevant to this case.

For the reasons discussed above, Defendants' arguments fail to overcome the presumption of title created by the Corrective Assignment filed and recorded with the USPTO. Thus, Plaintiff appears to have had standing to sue for infringement from, at the latest, the date of the Corrective Assignment. Because the date of the Corrective Assignment predates the commencement of this action, there can be no question that Plaintiff Aevoe Corp., as the record titleholder at the time, had standing to initiate this litigation. Therefore, the Court will not dismiss this action for lack of standing. Defendants' Motion to Dismiss is DENIED.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Standing (ECF No. 344) is **DENIED**.

---

1. At least one district court has determined that "[t]he existence of a good faith clerical mistake in an assignment will not defeat an assignee's standing to pursue an infringement claim." *Special Happy, Ltd. v. Lincoln Imports, Ltd.*, SACV 09–00074–MLG, 2011 WL 2650184, at *5 (C.D.Cal. July 6, 2011). Thus, the Court also recognizes that, even without the Corrective Assignment, Plaintiff Aevoe Corp. may still have had standing because the error in the original assignment appears to be nothing more than a typographical, clerical error. This is especially likely in light of the similarity between "Inc." and "Corp." and given that the assignment stated that the assignee's place of business was Sunnyvale, California.